THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAMON MILLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXTGEN HEALTHCARE, INC.,<br><br>Defendant. | Case No.: 1:23-cv-02043-TWT |

## ORDER APPOINTING LEADERSHIP

This matter is before the Court on the Motion to Appoint MaryBeth V. Gibson, Norman E. Siegel, and J. Cameron Tribble as Interim Class Counsel Pursuant to Federal Rule of Civil Procedure 23(g) in the above-captioned consolidated case. The Court has weighed the considerations set forth in Rule 23(g)(2), including: (i) counsel's work in identifying or investigating potential claims, (ii) counsel's experience in handling class actions and the types of claims involved, (iii) counsel's knowledge of the applicable laws, and (iv) the resources counsel commits to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A). The Court has also considered counsel's willingness and ability to commit to a time-consuming process, and the

1

ability to work cooperatively with others. Having considered all timely submissions in light of the criteria set forth above and in the Manual for Complex Litigation and Rule 23(g)(2), the Court hereby appoints the following leadership:

### A.     Plaintiffs' Co-Lead Counsel

The Court hereby appoints the following attorneys as the Plaintiffs' Co-Lead Counsel:

> **MaryBeth V. Gibson**
> The Finley Firm, P.C.
> 3535 Piedmont Rd.
> Building 14, Suite 230
> Atlanta, Georgia 30305
>
> **Norman E. Siegel**
> Stueve Siegel Hanson LLP
> 460 Nichols Road, Suite 200
> Kansas City, Missouri 64112
>
> **J. Cameron Tribble**
> The Barnes Law Group, LLC
> 31 Atlanta Street
> Marietta, Georgia 30060

### B.     Plaintiffs' Steering Committee

The Court hereby appoints the following attorneys as the Plaintiffs' Steering Committee:

> **Emily E. Hughes**
> The Miller Law Firm
> 950 West University Dr., Suite 300
> Rochester, Michigan 48307

**Gary F. Lynch**
Lynch Carpenter LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222

**Joseph Lyon**
The Lyon Firm
2754 Erie Avenue
Cincinnati, Ohio 45208

**Jamie Pizzirusso**
Hausfeld LLP;
888 16th Street, N.W., Suite 300
Washington, DC 20006

**John Yanchunis**
Morgan & Morgan
201 N Franklin St, 7th Floor
Tampa, Florida 33602

C.  **Co-Interim Class Counsel**.

The Co-Lead Counsel are also hereby designated as Co-Interim Class Counsel pursuant to Rule 23(g) to "act on behalf of a putative class before determining whether to certify the action as a class action." *See id*.

D.  **Duties of Co-Lead Counsel.**

The Co-Lead Counsel shall have the following responsibilities:

1.  Direct and manage pretrial proceedings on behalf of all Plaintiffs, including the briefing and argument of motions and the conduct of all types of discovery proceedings;

2. Delegate work responsibilities to the Steering Committee and other Plaintiffs' counsel, and monitor the activities of all Plaintiffs' counsel to assure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, and economically, that schedules are met, and that unnecessary expenditures of time and expense are avoided;

3. Consult with and employ consultants or experts, as necessary;

4. Coordinate with other members of the Steering Committee in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts, including the maintenance of a plaintiffs' document depository, see Manual for Complex Litigation, Fourth, section 40.261;

5. Coordinate settlement discussions or other dispute resolution efforts on behalf of the Plaintiffs, under the Court's supervision, if and as appropriate;

6. Enter into stipulations with other parties as necessary for the conduct of the litigation;

7. Prepare and distribute to the parties periodic status reports;

8. Maintain adequate time and disbursement records covering services as appointed counsel;

9. Submit to the Court and circulate to Plaintiffs' Counsel a time and expense reporting protocol consistent with this Order governing the submission and potential compensation of time and expense spent in this matter; and

10. Perform such other duties as may be incidental to proper coordination with the Steering Committee's pretrial activities or as authorized by further Order of the Court.

E. **Duties of Local Co-Lead Counsel**.

In addition to the duties of Co-Lead Counsel set forth above, those Co-Lead Counsel who maintain offices in this District shall have the following responsibilities:

1. Communicate with the Court, on behalf of Co-Lead Counsel, concerning scheduling and other administrative matters;

2. Maintain, for any circumstances where documents may not be electronically filed via CM/ECF, an up-to-date, comprehensive Service List of all Plaintiffs' Counsel, to be made available at the request of the Court and Defendant's counsel;

3. Receive and distribute to Plaintiffs' counsel, as appropriate, Orders, notices, and correspondence from the Court, to the extent such documents are not electronically filed; and

4. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendants' counsel that are not electronically filed.

F. **Duties of Plaintiffs' Steering Committee**.

Along with Co-Lead Counsel, the Steering Committee shall meet and confer as needed regarding the completion of the Plaintiffs' pretrial and trial activities. At the direction of Co-Lead Counsel, the Steering Committee may establish subcommittees to aid in the effective and efficient conduct of this litigation and participate in the determination of any significant matters that arise in the litigation.

G. **Other Responsibilities of Plaintiffs' Counsel**.

1. All Counsel must keep a daily record of their time spent and expenses incurred in connection with this litigation, and must report on a monthly basis their expenses and hours worked to Co-Lead Counsel. Co-Lead Counsel will make such records and reports available to members of the Steering Committee upon request. In order for their time and expenses to be compensable, those not serving in leadership positions must secure the express authorization of Co-Lead Counsel for any projects or work undertaken in this litigation. Time and expenses incurred prior to the appointment of Co-Lead Counsel should be submitted for consideration for

6

compensation only to the extent it has contributed to the advancement of the litigation as a whole.

2. On a quarterly basis, beginning on October 31, 2023, and thereafter on the last business day of each July, October, January, and April, Co-Lead Counsel shall submit to the Court in camera reports reflecting hours billed in this matter by all Plaintiffs' counsel. Failure to maintain and submit records with sufficient descriptions of the time spent and expenses incurred may be grounds for denying attorneys' fees and/or expenses, for the period that relates to the missing or inadequate submissions.

SO ORDERED, this 27th day of  September , 2023.

THOMAS W. THRASH, JR.
United States District Judge