**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DAMON X MILLER, on behalf of
himself and all others similarly
situated,

        Plaintiff,

v.

NEXTGEN HEALTHCARE, INC.,

        Defendant.

Case No. 1:23-cv-02043-TWT

## NEXTGEN HEALTHCARE'S  MOTION TO DISMISS

Under Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure,

and for the reasons set forth in the accompanying brief (filed herewith pursuant to

L.R. 7.1, N.D. Ga.), Defendants respectfully move this Court for dismissal with

prejudice Counts III, IV, V, VI, VII, VIII, IX, XI, XII, XIII, XIV, XV, XVI, XVII,

XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV in Plaintiffs' First Amended

Complaint. [Dkt. 47 ].

Dated: January 23, 2024

Respectfully submitted,

**SHEPPARD, MULLIN, RICHTER & HAMPTON llp**

/s/ Kari Rollins
Kari Rollins

Brian M. Daucher (admitted *pro hac vice*)
Abby H. Meyer (admitted *pro hac vice*)
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
714.513.5100
bdaucher@sheppardmullin.com
ameyer@sheppardmullin.com

Kari Rollins
Charles Glover
30 Rockefeller Plaza, 39th Floor
New York, NY  10112
212.653.8700
krollins@sheppardmullin.com
cglover@sheppardmullin.com

**JONES & WALDEN LLC**

Eric J. Breithaupt
Georgia Bar No. 596142
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
404.564.9300
ebreithaupt@joneswalden.com

*Attorneys for NextGen Healthcare, Inc.*

DAMON X MILLER, on behalf of himself and all others similarly situated,

        Plaintiff,

v.

NEXTGEN HEALTHCARE, INC.,

        Defendant.

Case No. 1:23-cv-02043-TWT

## NEXTGEN HEALTHCARE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................1

II.     STATEMENT OF FACTS ......................................................................3

        A.      NextGen Healthcare ...................................................................3

        B.      The Data Breach .........................................................................3

        C.      NextGen Healthcare's Response ................................................4

        D.      Plaintiffs' Complaint .................................................................4

III.    ARGUMENT UNDER RULE 12(B)(6) AND RULE 9(B)...........................5

        A.      Legal Standard............................................................................5

        B.      Plaintiffs Do Not State An Unjust Enrichment Claim (Count
                III)................................................................................................6

        C.      Plaintiffs Do Not State An Invasion Of Privacy/Intrusion Upon
                Seclusion Claim (Count IV)........................................................8

        D.      Plaintiffs Do Not State A Breach Of Implied Contract Claim
                (Count V)...................................................................................10

        E.      Plaintiffs Do Not State A Breach Of Bailment Claim (Count
                VI)..............................................................................................12

        F.      Plaintiffs Do Not State A Breach Of Fiduciary Duty Claim
                (Count VII) ...............................................................................13

        G.      Plaintiffs Do Not State A Claim Under O.C.G.A. § 13-6-11
                (Count VIII)...............................................................................15

        H.      Plaintiffs Do Not State A Claim For Violation Of The Georgia
                Uniform Deceptive Trade Practices Act (Count IX) ...........17

        I.      The California Plaintiffs Do Not State Any California Law-
                Based Claims (Counts XI – XIV) .............................................19

                1.      The California Plaintiffs Do Not State A Claim For
                        Violation Of The Customer Records Act (Count XI)...............19

2. The California Plaintiffs Do Not State A Claim For Violation Of California's Unfair Competition Law (Count XII)...................................................................21

    a. The California Plaintiffs Lack UCL Standing................22

    b. The California Plaintiffs Do Not State A Claim Under The UCL's Fraudulent Prong ...........................23

3. The California Plaintiffs Are Not Entitled To Restitution Or Injunctive Relief ...................................................................24

4. The California Plaintiffs Do Not State A Claim For Violation Of The California Consumers Legal Remedies Act (Count XIII)...........................................................................25

5. The California Plaintiffs Cannot State A Claim Under the California Consumer Privacy Act (Count XIV) .......................27

J. The Illinois Plaintiff Does Not State Any Illinois Law-Based Claim (Counts XV-XVII)........................................................................28

1. The Illinois Plaintiff's ICFA and IUDTPA Claims Are Barred Because the Alleged Violation Did Not Occur Primarily or Substantially in Illinois........................................28

2. The Illinois Plaintiff Lacks Standing To Bring A Claim Under PIPA (Count XV)...........................................................29

3. The Illinois Plaintiff Does Not State An ICFA Claim (Count XVI) ....................................................................................30

4. The Illinois Plaintiff Does Not State A Claim Under The IUDTPA (Count XVII) ..........................................................34

K. The Iowa Plaintiff Does Not State A Claim Under Iowa's Private Information Security Breach Protection Law (Count XVIII)......................................................................................................35

L. The Maine Plaintiff Does Not State A Maine Law-Based Claim (Counts XIX & XX)........................................................................36

1. The Maine Plaintiff Does Not State A MUTPA Claim (Count XIX) ....................................................................................36

2.     The Maine Plaintiff Does Not State A MUDTPA Claim (Count XX) ............................................................................38

M.    The New Jersey Plaintiffs Do Not State Any New Jersey Law-Based Claims (Counts XXI & XXII) ..................................................40

    1.     The New Jersey Plaintiffs Do Not State A CSBDA Claim (Count XXI) ..............................................................40

    2.     The New Jersey Plaintiffs Do Not State A NJCFA Claim (Count XXII)...............................................................41

N.    The New Mexico Plaintiff Does Not State A Claim For Violation Of The New Mexico Unfair Practices Act (Count XXIII)..............................................................................44

O.    The New York Plaintiff Does Not State A Claim For Violation Of The New York General Business Law ("GBL") (Count XXIV)..............................................................................45

P.    The Pennsylvania Plaintiff Does Not State A Claim Under Pennsylvania's Unfair Trade Practices And Consumer Protection Law (Count XXV) ............................................47

IV.   CONCLUSION........................................................................49

# TABLE OF AUTHORITIES

Page(s)

Cases

*All Bus. Corp. v. Choi*
  280 Ga. App. 618 (Ga. Ct. App. 2006)...............................................................15

*In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*
  2021 WL 5937742 (D.N.J. Dec. 16, 2021)....................................................40, 41

*In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*
  2023 WL 6216542 (D.N.J. Sept. 21, 2023).........................................................35

*Ambrose v. New England Ass'n of Sch. & Colleges*
  2000 WL 1195363 (D. Me. Aug. 7, 2000) .....................................................38, 39

*Ambrose v. New England Ass'n of Sch. & Colleges, Inc.*
  252 F.3d 488 (1st Cir. 2001).........................................................................38, 39

*In re Ambry Genetics Data Breach Litig.*
  567 F. Supp. 3d 1130 (C.D. Cal. 2021) .............................................................24

*In re Anthem, Inc. Data Breach Litig.*
  2016 WL 3029783 (N.D. Cal. May 27, 2016).....................................................21

*Apodaca v. Young Am. Ins. Co.*
  2023 WL 7706283 (D.N.M. Nov. 15, 2023) .................................................44, 45

*Archer v. Holmes*
  2018 WL 534475 (N.D. Ga. Jan. 23, 2018)..........................................................7

*Archey v. Osmose Utilities Servs., Inc.*
  2021 WL 3367156 (N.D. Ill. Aug. 3, 2021) ........................................................33

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)....................................................................................5, 6

*Atlantic C. L. R. Co. v. Baker*
  45 S.E. 673 (1903).........................................................................................12

*Bell Atl. Corp. v. Twombly*
 550 U.S. 544 (2007)....................................................................................5

*Bell v. Bank of Am. NA*
 2017 WL 380930 (M.D. Ga. Jan. 26, 2017)..................................................9, 10

*Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*
 353 F. Supp. 3d 1070 (D. Colo. 2018)...............................................37

*Best v. Malec*
 2010 WL 2364412 (N.D. Ill. June 11, 2010)....................................................29

*Birdsong v. Apple, Inc.*
 590 F.3d 955 (9th Cir. 2009) ......................................................22

*Bishop v. Shorter Univ., Inc.*
 2015 WL 13753710 (N.D. Ga. June 4, 2015)......................................................11

*In re Blackbaud, Inc., Customer Data Breach Litig.*
 2021 WL 3568394 (D.S.C. Aug. 12, 2021)....................................................42, 48

*Bolinger v. First Multiple Listing Serv., Inc.*
 2014 WL 4803155 (N.D. Ga. Sept. 26, 2014).........................................7, 25, 41

*Cherny v. Emigrant Bank*
 604 F. Supp. 2d 605 (S.D.N.Y. 2009) ...............................................46

*City of New York v. Smokes-Spirits.Com, Inc.*
 12 N.Y.3d 616 (N.Y. 2009) ...............................................45

*Combined Mgmt., Inc. v. World Wide Pers. Servs. of Maine, Inc.*
 2002 WL 1978894 (Me. Super. June 6, 2002) ..................................................38

*Conte Bros. Auto. v. Quaker State-Slick 50, Inc.*
 992 F. Supp. 709 (D.N.J. 1998)..................................................41

*Davidson v. Ramsby*
 133 Ga. App. 128 (1974) ...............................................12

*De Bouse v. Bayer*
 922 N.E.2d 309 (2009) ...............................................31

*Dinerstein v. Google, LLC*
    484 F. Supp. 3d 561 (N.D. Ill. 2020)....................................................................32

*Dipito LLC v. Siderman*
    2022 WL 3205205 (S.D. Cal. Apr. 18, 2022) ......................................................26

*Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*
    784 F. Supp. 2d 508 (D.N.J. 2011).......................................................................41

*Donaldson v. Olympic Health Spa, Inc.*
    333 S.E.2d 98 (Ga. App. 1985) ............................................................................10

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*
    2016 WL 6523428 (S.D. Cal. Nov. 3, 2016).......................................................20

*Ehrlich v. BMW of N. Am., LLC*
    801 F. Supp. 2d 908 (C.D. Cal. 2010) .................................................................25

*In re Equifax, Inc., Customer Data Sec. Breach Litig.*
    362 F. Supp. 3d 1295 (N.D. Ga. 2019)...................................7, 28, 36, 40, 45, 47

*Ewing v. Scott*
    883 S.E.2d 410 (2023) .........................................................................................13

*In re Facebook Privacy Litig.*
    791 F. Supp. 2d 705 (N.D. Cal. 2011)..................................................................22

*Ferrington v. McAfee, Inc.*
    2010 WL 3910169 (N.D. Cal. Oct. 5, 2010) .......................................................26

*Fleury v. GM LLC*
    654 F. Supp. 3d 724 (N.D. Ill. 2023)....................................................................32

*Fox v. Iowa Health Sys.*
    399 F. Supp. 3d 780 (W.D. Wis. 2019).................................................................35

*Galaria v. Nationwide Mut. Ins. Co.*
    2017 WL 6375803 (S.D. Ohio Dec. 13, 2017)....................................................13

*Galaria v. Nationwide Mut. Ins. Co.*
    2017 WL 4918634 (S.D. Ohio Oct. 31, 2017) .....................................................13

*In re Gallagher Data Breach Ligation*
631 F. Supp. 3d 573 (N.D. Ill. 2022)....................................................................29

*Hicks v. Eller*
280 P.3d 304 (N.M. App. 2012) .........................................................................44

*Hodges v. Vitamin Shoppe, Inc.*
2014 WL 200270 (D.N.J. Jan. 15, 2014)............................................................41

*Hoglund v. Diamlerchrysler Corp.*
102 F. Supp. 2d 30 (D. Me. 2000) ......................................................................37

*Holmes v. Countrywide Fin. Corp.*
2012 WL 2873892 (W.D. Ky. July 12, 2012) ....................................................40

*In re iPhone Application Litig.*
2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)....................................................22

*Jenkins v. BAC Home Loan Servicing, LP*
822 F. Supp. 2d 1369 (M.D. Ga. Sept. 29, 2011)............................................6, 7

*Kearns v. Ford Motor Co.*
567 F.3d 1120 (9th Cir. 2009) ......................................................................21, 25

*Marrone v. Greer & Polman Constr., Inc.*
964 A.2d 330 (App. Div. 2009)....................................................................42, 43

*Marshall v. Scotia Prince Cruises Ltd.*
2003 WL 22709076 (D. Me. Nov. 17, 2003) .....................................................39

*Martin v. Bank of Am.*
2018 WL 3614171 (N.J. Super. Ct. App. Div. July 30, 2018) ...........................43

*McConnell v. Dep't of Labor*
814 S.E.2d 790 (2018), *aff'd*, 828 S.E.2d 352 (2019)........................................14

*In re Michaels Stores Pin Pad Litig.*
830 F. Supp. 2d 518 (N.D. Ill. 2011)..................................................................30

*Navarro v. Data*
2022 WL 18280359 (C.D. Cal. Dec. 7, 2022)....................................................26

*O'Connor v. Uber Techs., Inc.*
  58 F. Supp. 3d 989 (N.D. Cal. 2014)....................................................................23

*Omnipol, A.S. v. Multinational Def. Servs., LLC*
  32 F.4th 1298 (11th Cir. 2022) .............................................................................6

*Peeples v. Caroline Container, LLC*
  2019 WL 12338071 (N.D. Ga. Apr. 4, 2019).......................................................16

*Perdue v. Hy-Vee, Inc.*
  455 F. Supp. 3d 749 (C.D. Ill. 2020) ........................................................28, 34, 35

*Poulin v. Thomas Agency*
  746 F. Supp. 2d 200 (D. Me. 2010)................................................................37, 38

*Purvis v. Aveanna Healthcare, LLC*
  563 F. Supp. 3d 1360 (N.D. Ga. 2021).............................................................8, 9

*Ruiz v. Gap, Inc.*
  2009 WL 250481 (N.D. Cal. Feb. 3, 2009).........................................................22

*In re Rutter's Inc. Data Sec. Breach Litig.*
  511 F. Supp. 3d 514 (M.D. Pa. 2021)............................................................47, 49

*S. E. Carriers, Inc. v. Atlanta S. 75, Inc.*
  2006 WL 2927579 (M.D. Ga. Oct. 11, 2006) .....................................................12

*Sanford v. Nat'l Ass'n for the Self-Employed, Inc.*
  264 F.R.D. 11 (D. Me. 2010)..............................................................................36

*Shafran v. Harley-Davidson, Inc.*
  2008 WL 763177 (S.D.N.Y. Mar. 20, 2008).................................................46, 47

*Sitton v. Print Direction, Inc.*
  718 S.E.2d 532 (Ga. Ct. App. 2011).....................................................................8

*Smajlaj v. Campbell Soup Co.*
  782 F. Supp. 2d 84 (D.N.J. 2011).......................................................................42

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*
  903 F. Supp. 2d 942 (S.D. Cal. 2012)............................................................13. 24

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*
  996 F. Supp. 2d 942 (S.D. Cal. 2014)..................................................................20

*Specialty Ins. Agency v. Walter Kaye Assocs., Inc.*
  1989 WL 120752 (D.N.J. Oct. 2, 1989) ..............................................................42

*State v. Weinschenk*
  868 A.2d 200 (Me. 2005)......................................................................................36

*Stewart v. Electrolux Home Prod., Inc.*
  2018 WL 1784273 (E.D. Cal. Apr. 13, 2018) .....................................................25

*Summers v. Bailey*
  55 F.3d 1564 (11th Cir. 1995) ...............................................................................8

*In re SuperValu, Inc.*
  925 F.3d 955 (8th Cir. 2019) .........................................................................33, 34

*In re SuperValu, Inc., Customer Data Sec. Breach Litig.*
  2018 WL 1189327 (D. Minn. Mar. 7, 2018) ..................................................29, 34

*Taste Matters, LLC v. Mcmanus & Co., P.C.*
  2013 WL 4525636 (N.J. Super. Ct. App. Div. Aug. 28, 2013).........................43

*Thao v. LH Hous., LLC*
  2022 WL 3227130 (D. Me. Aug. 10, 2022) ........................................................37

*In re: The Home Depot, Inc., Customer Data Sec. Breach Litig.*
  2016 WL 2897520 (N.D. Ga. May 18, 2016)...................................................3, 19

*Thrasher-Lyon v. Ill. Farmers Ins. Co.*
  861 F. Supp. 2d 898 (N.D. Ill. 2012)...................................................................33

*U.S. Legal Support, Inc. v. Hofioni*
  2013 WL 6844756 (E.D. Cal. Dec. 20, 2013)....................................................23

*In re USAA Data Sec. Litig.*
  621 F. Supp. 3d 454 (S.D.N.Y. 2022) ..........................................................45, 46

*In re VTech Data Breach Litig.*
  2018 WL 1863953 (N.D. Ill. Apr. 18, 2018)...................................................30, 31

*In re Waste Mgmt. Data Breach Litig.*
  2022 WL 561734 (S.D.N.Y. Feb. 24, 2022) ........................................................19

*In re White*
  559 B.R. 787 (Bankr. N.D. Ga. 2016) ................................................................6

*Willingham v. Glob. Payments, Inc.*
  2013 WL 440702 (N.D. Ga. Feb. 5, 2013) ..............................................11, 17, 18

*Woulfe v. Universal City Studios LLC*
  2022 WL 18216089 (C.D. Cal. Dec. 20, 2022) ................................................26

*Yocca v. Pittsburgh Steelers Sports, Inc.*
  854 A.2d 425 (Pa. 2004) ............................................................................47, 48

Statutes

73 P.S. § 201-9.2 ...............................................................................................47

Bus. & Prof. Code, § 17200 et seq. ...............................................................21, 22

Cal. Civ. Code § 1761 .......................................................................................26

Cal. Civ. Code § 1770(a) ..................................................................................25

Cal. Civ. Code § 1798.80 ..................................................................................19

Cal. Civ. Code § 1798.140(ag) .........................................................................27

Cal. Civ. Code § 1798.155 ................................................................................27

815 Ill Comp. Stat. § 505 ..................................................................................28

815 Ill. Comp. Stat. Ann. 530/10 ......................................................................28

815 Ill. Comp. Stat. § 530/10 ............................................................................28

Iowa Code § 715C.2 ..........................................................................................35

Me. Rev. Stat. § 213 ..........................................................................................37

Me. Rev. Stat. Title 10, § 1213 .........................................................................39

N.J.S.A. § 56:8-166...................................................................................................40

O.C.G.A. 44-12-40...................................................................................................12

O.C.G.A. § 10-1-373................................................................................................17

O.C.G.A. § 13-6-11...........................................................................................15, 16, 17

O.C.G.A. § 23-2-58..................................................................................................14

Other Authorities

Fed. R. Civ. P. 9(b) ............................................................................................6, 30, 31

FRCP Rule 9(b)..........................................................................................21, 25, 30, 41

FRCP Rule 12(B)(6) ..................................................................................................5

L.R. 7.1, n...............................................................................................................1

## MEMORANDUM OF LAW

## I.    INTRODUCTION

Plaintiffs' Consolidated Class Action Complaint (the "Complaint") spills such a flood of ink that even Noah would be distressed.  Brought on behalf of a putative class of individual consumers, the 219-page-657-paragraph Complaint purports to plead 25 causes of action under the laws of 9 states that range from negligence and fraud to invasion of privacy and violation of various state's consumer protection laws.  Despite the noise, the Complaint is notably lacking in specific allegations about NextGen Healthcare's purported misbehavior or allegations that any individual Plaintiff had a relationship with NextGen Healthcare that would render the company liable to them, and allegations that Plaintiffs suffered the types of injuries the relevant laws were intended to redress.

More specifically, Plaintiffs' claims generally fail for the following reasons:

- Plaintiffs have not alleged sufficient facts to show non-speculative harm or injury as required under the state law statutes (Counts IX, XI, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXV);

- Plaintiffs have not shown they are NextGen Healthcare's customers as required by the state law statutes (Count XI, XIII, XVI, XIX, XXII, XXIII);

- Plaintiffs have not alleged facts sufficient to show they received or relied on any communications or representations from NextGen Healthcare, or that they

were even aware of NextGen Healthcare until they received a data breach notice letter from the company (Count III, IV, V, IX, XII, XIII, XVI, XIX, XXII, XXIV, XXV);

- Plaintiffs have not alleged that NextGen Healthcare exclusively possessed their personal information or owed Plaintiffs a fiduciary duty (Counts VI, VII);

- Plaintiffs have not alleged facts sufficient to show that NextGen Healthcare is a "service provider" or that it was NextGen Healthcare (as opposed to the third-party threat actor) that intruded on Plaintiffs' privacy (Counts IV, XIV);

- Plaintiffs have not alleged facts sufficient to show they conferred a benefit on NextGen Healthcare (Counts III, VI, VII);

- Plaintiffs have not established that they are entitled to restitution or an injunction (Counts XII, IX, XVII);

- Plaintiffs have not established that NextGen Healthcare is not a service provider (Counts XIV).

For the further reasons that follow, Plaintiffs' claims should be dismissed.

## II.    STATEMENT OF FACTS

### A.    NextGen Healthcare

NextGen Healthcare provides electronic health records ("EHR") and healthcare practice solutions to healthcare providers.  (Compl., ¶ 1.)  One of NextGen Healthcare's products is NextGen Office ("NGO").  NGO is a software solution that "contains [an] electronic record of health-related information on an individual that can be created, gathered, managed, and consulted by authorized clinicians and staff within one health care organization." (*Id.*, ¶ 31.)  Plaintiffs do not allege NGO is available to the public for individual use (nor could they).  Plaintiffs do not allege they purchased a license to use NGO (nor could they).  Plaintiffs do not allege they operated or interacted with the NGO system themselves (nor could they).  Rather, Plaintiffs admit that NextGen Healthcare is a business associate for HIPAA covered entities and that NGO is one of the services that it provides to these businesses in this capacity.  (*Id.,* ¶¶ 74-75.)

### B.    The Data Breach

On March 30, 2023, NextGen Healthcare was alerted to suspicious activity within NGO.  (Compl., ¶ 40.)  Thus the company launched an internal investigation into the incident with the help of third-party forensic experts.  (*Id.*, ¶ 42.)  This investigation showed that, between March 29, 2023 and April 14, 2023, an unknown threat actor used stolen third-party provider credentials to access NGO and extract the names, dates of birth, addresses, and social security numbers of certain

-3-

individuals stored therein (*Id.*)  The incident did not reach other NextGen Healthcare systems.

### C.  NextGen Healthcare's Response

After launching its forensic investigation, NextGen Healthcare took steps to contain the incident and initiated a system-wide password reset.  (Compl., ¶ 42.)  On April 24, 2023, NextGen Healthcare confirmed that certain personal information had been acquired.  (*Id.*)  It provided notice to impacted individuals just five days later on April 28.  (*Id.*, ¶ 40.)  In particular, NextGen Healthcare's notification letter provided each impacted individual with 24 months of free fraud detection and identity theft protection through Experian's® IdentityWorks℠ product.  (*Id.*, ¶ 293.)

### D.  Plaintiffs' Complaint

Twelve named Plaintiffs bring this 25 count Complaint on behalf of a purported nationwide class of individual consumers and California, Illinois, Iowa, Maine, New Jersey, New Mexico, New York, and Pennsylvania subclasses. Plaintiffs Bailey, Kerr, Miller, Bundy, Benn, and Brickle are the only named Plaintiffs that reside in Illinois, Iowa, Maine, New Mexico, New York, and Pennsylvania, respectively.  (See Compl., ¶¶ 13-14.)  The nationwide class asserts common law claims and claims under Georgia statutes. The state subclasses assert claims under their respective state statutes.

Of these twelve Plaintiffs, only Plaintiff Akhras alleges that she incurred an

economic loss due to fraud.  (Compl. ¶¶ 8, 226.)  Plaintiffs Appletown, Abikoye, Bailey, Kerr, Miller, Phillips, Benn, Brickle, and Bundy have not alleged any economic injury as a result of the data breach.  These plaintiffs allege, in a conclusory fashion, time spent monitoring credit and financial accounts as the only type of injury.  (Compl., ¶¶ 168, 171, 172, 178, 180, 181, 187-90, 195, 186, 198, 199, 205, 207, 208, 209, 235-38, 244-46, 252-255, 261-64.).  Plaintiffs Appletown, Abikoye, and Benn allege that they paid for their own credit monitoring (Compl., ¶¶ 169, 179, 252).  However, NextGen Healthcare has already provided two years of free fraud detection and identity theft protection to these Plaintiffs.  (Compl., ¶ 293.)

## III.  ARGUMENT UNDER RULE 12(B)(6) AND RULE 9(B)

### A.  Legal Standard

A motion to dismiss should be granted when the complaint fails "to state a claim to relief that is plausible on its face."[1]  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must plead facts sufficient for a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Although the court is required to accept well-pleaded factual allegations as true, it

---

[1] NextGen Healthcare does not agree that Georgia common law can apply to a Nationwide class, but reserves this argument for class certification briefing.

need not accept legal conclusions. *Id*.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or malice." Fed. R. Civ. P. 9(b). To meet the heightened particularity standard, the plaintiff must identify "the who, what, when, where, and how of the fraud alleged." *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022).

## B.        Plaintiffs Do Not State An Unjust Enrichment Claim (Count III)

Plaintiffs have failed to sufficiently plead an unjust enrichment claim under Georgia law on behalf of a purported Nationwide class. To state such a claim, the plaintiff must allege that she conferred a benefit on the defendant; the defendant had knowledge of the benefit and accepted or retained the benefit; and the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying for it. *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1377 (M.D. Ga. Sept. 29, 2011). Plaintiffs have failed to plead all of these elements.

First, Plaintiffs do not allege they conferred a benefit on NextGen Healthcare (nor can they). Georgia law requires that a plaintiff confer a *direct benefit* on the defendant. *In re White*, 559 B.R. 787, 807 (Bankr. N.D. Ga. 2016) ("Georgia law does not support claims of unjust enrichment that arise from indirect benefits."). Here, there is no allegation Plaintiffs paid any money directly to NextGen Healthcare or that they purchased or licensed NGO. Instead, they admit that they are patients

of healthcare providers who utilize NGO in their medical practices.  (Compl., ¶ 90.)

They further admit that the only payment they made was to their providers "for

healthcare services."  (*Id.*, ¶ 368.)  Even if the healthcare providers eventually paid

NextGen Healthcare using some of these funds, the law is clear that the receipt of

fees initially paid to a third-party is an *indirect benefit*.  *Bolinger v. First Multiple

Listing Serv., Inc.*, 2014 WL 4803155, at *9 (N.D. Ga. Sept. 26, 2014) (holding that

a benefit was not directly conferred where plaintiff paid fees to a broker, portions of

which were then paid to defendant).  Because Plaintiffs fail to allege they conferred

a *direct* benefit on NextGen Healthcare their unjust enrichment claim should be

dismissed.  *Accord, In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 362 F.

Supp. 3d 1295, 1330 (N.D. Ga. 2019) ("The Plaintiffs have failed to show that they

conferred a thing of value, namely their personally identifiable information, upon

the Defendants with the expectation that [Defendants] would be responsible for the

cost.")

Second, Plaintiffs fail to allege that NextGen Healthcare had knowledge of

the benefit purportedly conferred by the Plaintiffs.  *Jenkins*, 822 F. Supp. 2d at 1377.

As shown in *Archer*, a plaintiff's failure to allege that "the Corporate Defendants

negotiated with the Plaintiff or that they even knew he existed" doomed the claim.

*Archer v. Holmes*, 2018 WL 534475, at *5 (N.D. Ga. Jan. 23, 2018).  Similarly, here

there are no allegations that demonstrate NextGen Healthcare was aware of

Plaintiffs' transactions with their healthcare providers or that NextGen Healthcare was aware of Plaintiffs (or that Plaintiffs were aware of NextGen Healthcare). Plaintiffs' unjust enrichment claim (Count III) thus fails for this reason too.

For the forgoing reasons, Plaintiffs' unjust enrichment cause of action should be dismissed.

### C.    Plaintiffs Do Not State An Invasion Of Privacy/Intrusion Upon Seclusion Claim (Count IV)

Plaintiffs have failed to sufficiently plead an invasion of privacy/intrusion claim under Georgia law on behalf of a purported Nationwide class. Under Georgia law, intrusion upon seclusion is one of the invasion of privacy torts. *Purvis v. Aveanna Healthcare, LLC*, 563 F. Supp. 3d 1360, 1377 (N.D. Ga. 2021). The tort requires a "physical intrusion which is analogous to a trespass; however, this 'physical' requirement can be met by showing that the defendant conducted surveillance on the plaintiff or otherwise monitored plaintiff's activities." *Sitton v. Print Direction, Inc.*, 718 S.E.2d 532, 537 (Ga. Ct. App. 2011); *see also Summers v. Bailey*, 55 F.3d 1564, 1566 (11th Cir. 1995). To state a claim Plaintiffs must show that NextGen Healthcare itself physically trespassed, conducted surveillance, or otherwise monitored Plaintiffs' activities. *See Purvis*, 563 F. Supp. 3d at 1377 (dismissing claim).

For instance, in *Purvis,* the plaintiffs alleged that the defendant "invaded their privacy and intruded into their private affairs by intentionally failing to keep

Plaintiffs and Class Members' Private Information safe, and by intentionally misusing and/or disclosing said information to unauthorized parties for unauthorized use." *Id.* The court found these allegations were insufficient: "Plaintiffs have not plausibly alleged any facts indicating that Defendant—as opposed to the third party that allegedly carried out the Data Breach—actively participated in the alleged intrusion into Plaintiffs' affairs." *Id.*

Under *Purvis*, Plaintiffs' allegations that NextGen Healthcare "made inferior and inadequate security choices" and "allowed unauthorized and unknown third parties to access" class members' data are insufficient to state this claim. (Compl., ¶ 391.) Further, the Complaint confirms that a criminal third-party committed the intrusion. (*Id*., ¶¶ 2-3, 39, 47 (alleging a criminal third-party acted intentionally to commit the data breach), 380 (alleging, "intrusion and theft by hackers and identity thieves"). There is no basis to hold NextGen Healthcare liable where a third-party performed the intrusion. Further, Plaintiffs have not stated facts sufficient to show that NextGen Healthcare unreasonably surveilled them. A claim for intrusion upon seclusion that is based on a surveillance theory is not actionable unless plaintiff can establish that the surveillance was unreasonable. *Bell v. Bank of Am. NA*, 2017 WL 380930, at *3 (M.D. Ga. Jan. 26, 2017) (dismissing claim because plaintiff did not allege that it was unreasonable for defendants to search for plaintiff's cell number to collect a debt she owed) citing *Anderson v. Mergenhagen*, 283 Ga. App. 546, 550-

52 (2007).  It is not unreasonable for a defendant to obtain a plaintiff's information in a limited manner and for a legitimate purpose that is not intended to frighten or torment the plaintiff.  *Bell*, 2017 WL 380930, at *3.  Here, Plaintiffs acknowledge that NextGen Healthcare received Plaintiffs' private information from Plaintiffs' healthcare providers who used NGO for EHR and practice management purposes. (Compl., ¶¶ 28-34.)  But Plaintiffs do not allege that NextGen Healthcare's "conduct of collecting, storing, and using Plaintiffs' and Class Members' Private Information" in this context was unreasonable.  (*Id*. ¶ 390).  Therefore, they have not sufficiently alleged a claim for intrusion upon seclusion based on surveillance.

As a result, Plaintiffs have failed to state an invasion of privacy/intrusion upon seclusion claim (Count IV) and it should be dismissed.

### D.    Plaintiffs Do Not State A Breach Of Implied Contract Claim (Count V)

Plaintiffs do not sufficiently plead a breach of implied contract claim under Georgia law on behalf of a purported Nationwide class.  A breach of implied contract claim requires, "that the minds of the parties shall meet and accord at the same time, upon the same subject matter, and in the same sense."  *Donaldson v. Olympic Health Spa, Inc.*, 333 S.E.2d 98, 100 (Ga. App. 1985).  Plaintiffs' claim fails in several respects:

First, Plaintiffs fail to plausibly allege a meeting of the minds between each of them and NextGen Healthcare.  While for the purposes of this claim Plaintiffs

-10-

allege that NextGen Healthcare "solicited, offered, and invited" them to provide their data, and that Plaintiffs accepted these offers, (Compl., ¶ 408), these allegations are implausible given: (1) Plaintiffs' failure to allege any contact with or knowledge of NextGen Healthcare at the time they provided their data to their healthcare providers; (2) Plaintiffs' admission that NextGen Healthcare does not provide services to individual consumers like Plaintiffs, (3) the absence of any allegation that NextGen Healthcare provides any products or services that Plaintiffs could have actually purchased, licensed, or contracted for; and (4) the absence of any allegation that NextGen Healthcare provided any services to Plaintiffs directly as opposed to their healthcare providers.  (*See* Compl., ¶¶ 31, 32, 90.)  As a result, Plaintiffs have failed to plausibly allege how NextGen Healthcare would have been in a position to come to a meeting of the minds with Plaintiffs.  *Willingham v. Glob. Payments, Inc.*, 2013 WL 440702, at *21 (N.D. Ga. Feb. 5, 2013) (dismissing breach of implied contract claim against a vendor who suffered a data breach where plaintiffs provided their information to a merchant who then provided it to the vendor because plaintiffs, "provided their PII to a merchant, not directly to the Defendant, and the Defendant was not asked to give anything or do anything for Plaintiffs."); *Bishop v. Shorter Univ., Inc.*, 2015 WL 13753710, at *6 (N.D. Ga. June 4, 2015) (dismissing claim where there were "no goods, services, or money [] exchanged between Plaintiffs and Defendants").  Thus, Plaintiffs' Count V cause of action should be dismissed.

### E.    **Plaintiffs Do Not State A Breach Of Bailment Claim (Count VI)**

Plaintiffs have failed to sufficiently plead a breach of bailment claim under Georgia law on behalf of a purported Nationwide class.  Breach of bailment is a statutory claim in Georgia.  "A bailment is a delivery of goods or property upon a contract, express or implied, to carry out the execution of a special object beneficial either to the bailor or bailee or both and to dispose of the property in conformity with the purpose of the trust."  O.C.G.A. 44-12-40.  A bailment requires "an actual or constructive delivery of the goods with actual or constructive possession in the bailee."  *Davidson v. Ramsby*, 133 Ga. App. 128, 131 (1974).

As discussed in the preceding section, Plaintiffs fail to allege the existence of an agreement, express or implied, between each of them and NextGen Healthcare, and correspondingly fail to allege the delivery by them to NextGen Healthcare of any goods or property.  (Compl., ¶ 428.)  Therefore, no bailment was created.  *S. E. Carriers, Inc. v. Atlanta S. 75, Inc.*, 2006 WL 2927579, at *6 (M.D. Ga. Oct. 11, 2006) (finding no bailment, in part, because "[t]here was no express or implied agreement between Plaintiff and Defendant").  This Count should be dismissed for this reason alone.

Plaintiffs' bailment claim also fails because they do not allege NextGen Healthcare had exclusive possession of Plaintiffs' information.  *Atlantic C. L. R. Co. v. Baker*, 45 S.E. 673, 673 (1903) ("[D]elivery under which the bailee acquires an

-12-

independent and temporarily exclusive possession is essential to the contract of bailment."). Plaintiffs cannot deny that at the very least, their healthcare providers also "possessed" Plaintiffs' data through their providers' purchase, license, and use of NGO.

Finally, courts have held bailment claims inapposite to the facts of modern data breaches for these same reasons. *Galaria v. Nationwide Mut. Ins. Co.*, 2017 WL 4918634, at *2 (S.D. Ohio Oct. 31, 2017), *report and recommendation adopted*, 2017 WL 6375803 (S.D. Ohio Dec. 13, 2017) (rejecting bailment claim based on insufficient allegations regarding transfer of control or custody of plaintiffs' PII to the defendant); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 974 (S.D. Cal. 2012) (rejecting argument that plaintiff's PII was "delivered" to Sony and expected to be returned). For all of these reasons, Plaintiffs' breach of bailment claim (Count VI) should be dismissed.

### F.  **Plaintiffs Do Not State A Breach Of Fiduciary Duty Claim (Count VII)**

Plaintiffs have failed to sufficiently plead a breach of fiduciary duty claim under Georgia law on behalf of a purported Nationwide class. To state this claim Plaintiffs must allege, "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." *Ewing v. Scott*, 883 S.E.2d 410, 415 (2023). To successfully allege a cognizable fiduciary duty between themselves and NextGen Healthcare, Plaintiffs must demonstrate circumstances that fall within

the scope of the relationships enumerated under Georgia law or where one party, "exercises a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith." O.C.G.A. § 23-2-58.

Plaintiffs have failed to allege the existence of a cognizable fiduciary duty. (Compl., ¶¶ 439, 441.) They have not alleged that they and NextGen Healthcare are "partners; principal and agent; guardian or conservator and minor or ward; personal representative or temporary administrator and heir, legatee, devisee, or beneficiary; [or] trustee and beneficiary." O.C.G.A. § 23-2-58. They also have not alleged that NextGen Healthcare had a controlling influence over them or that they and NextGen Healthcare were in a relationship of mutual confidence. (Compl., ¶¶ 439, 441.)

Plaintiffs' allegation that "NextGen Healthcare became a fiduciary by undertaking a guardianship of the" Plaintiffs' data is insufficient to state this claim. (*Id.*, ¶ 441.) For a fiduciary duty to arise, Georgia law requires that one party "exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc." *McConnell v. Dep't of Labor*, 814 S.E.2d 790, 800 (2018), *aff'd*, 828 S.E.2d 352 (2019). Plaintiffs' allegation fails to describe that NextGen Healthcare had controlling influence over them, or that they and NextGen Healthcare had a "similar

relationship of mutual confidence."

Plaintiffs theorize that a duty to them exists by virtue of NextGen Healthcare's business associate relationship with Plaintiffs' healthcare providers, but this allegation is conclusory. (Compl., ¶ 439.) Plaintiffs fail to allege how NextGen Healthcare's business associate relationship with its covered entity customers creates a fiduciary duty to the individual Plaintiffs. NextGen Healthcare could locate no authority that supports Plaintiffs' theory. Further, a contractual relationship between third parties does not generally create fiduciary duties to a non-party to that contract. *All Bus. Corp. v. Choi*, 280 Ga. App. 618, 621 (Ga. Ct. App. 2006) (dismissing breach of fiduciary duty claim by third-party debtor against closing agent).

For these reasons, Plaintiffs' breach of fiduciary duty claim (Count VII) should be dismissed.

### G.   Plaintiffs Do Not State A Claim Under O.C.G.A. § 13-6-11 (Count VIII)

Plaintiffs have failed to sufficiently plead a claim under O.C.G.A. § 13-6-11 on behalf of a purported Nationwide class. This statute provides, "[t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." O.C.G.A. § 13-6-11.

In a formulaic recitation of the statute, Plaintiffs baldly allege all three statutory behaviors.  (Compl., ¶ 449.)  However, Plaintiffs fail to offer any allegations or support that NextGen Healthcare has acted in bad faith, was stubbornly litigious, or caused Plaintiffs and Class Members unnecessary trouble and expense.  (*Id*. ¶¶ 449-59.)  Instead, Plaintiffs simply reallege the elements supporting other of their claims in the Complaint.  (*Id.,* ¶¶ 450-51 (reciting NextGen Healthcare's alleged violations of Section 5 of the FTC Act and HIPAA); ¶¶ 452-54 (reciting NextGen Healthcare's alleged invasion of privacy/intrusion upon seclusion); ¶¶ 455-58 (reciting NextGen's alleged breach of fiduciary duty).)  These allegations do not describe any bad faith, stubborn litigiousness, or unnecessary trouble or expense.  At best, they reflect that Plaintiffs believe NextGen Healthcare has violated certain common and statutory laws.  That is not sufficient for relief under Section 13-6-11:

"Bad faith requires more than bad judgment or negligence … [It] indicates conscious wrongdoing or breach of a known duty *with ill motive*." *Peeples v. Caroline Container, LLC*, 2019 WL 12338071, at *7 (N.D. Ga. Apr. 4, 2019) (emphasis added).  Plaintiffs have alleged no ill motive (nor can they).  Indeed, NextGen Healthcare's prompt response to and notification of the data breach and provision of two years of *free* fraud detection and identity theft protection bely the conclusory allegations offered in support of this claim.  (Compl., ¶¶ 40, 42, 293.)

For these reasons, Plaintiffs' claim under O.C.G.A. § 13-6-11 (Count VIII) should be dismissed.

### H. Plaintiffs Do Not State A Claim For Violation Of The Georgia Uniform Deceptive Trade Practices Act (Count IX)

Plaintiffs have failed to sufficiently plead a claim under the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA"), on behalf of a purported Nationwide class. Under the GUDTPA, "[a] person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable." O.C.G.A. § 10-1-373. Because an injunction is the only remedy available under the GUDTPA, Plaintiffs must allege a non-speculative likelihood of future harm. *Willingham*, 2013 WL 440702, at \*17, citing *Byung Ho Cheoun v. Infinite Energy, Inc.*, 363 Fed. Appx. 691, 695 (11th Cir. 2010) (affirming district court's dismissal of GUDTPA claim on this ground). Plaintiffs have not done so here.

As explained in *Willingham*, "allegations of future harm [that] are based entirely on speculation of an increased risk of identity theft … [are] insufficient to sustain a [GUDTPA] claim." *Willingham*, 2013 WL 440702, at \*17. Here, Plaintiffs allege that, "as a result of NextGen's unfair and deceptive trade practices, Plaintiffs … [have] the imminent and substantially increased risk of fraud and identity theft." (Compl., ¶ 474.) This is apparently because "future cyber attacks targeting the same data are foreseeable," given – perhaps – an alleged overall interest by threat actors

-17-

in healthcare sector data.  (*Id.*, ¶¶ 477, 119.)  However, Plaintiffs admit that NextGen Healthcare took steps to "contain the incident," (*id.*, ¶ 46) and do not offer any facts showing that this is untrue.  Instead, Plaintiffs allege that potential future harm is likely because they have had no opportunity to test the veracity of NextGen Healthcare's remediation representations and therefore they do not know if the company's practices have been improved.  (*Id.*, ¶¶ 469, 476, 477.)  This is the very essence of speculation and is insufficient to state this claim. Thus the likelihood of another successful incident involving NextGen Healthcare is not any more likely, and finding otherwise would be applying a strict liability rather than a "likely foreseeable" standard.

Further, Plaintiffs' GUDTPA claim fails because Plaintiffs have not plausibly alleged reliance on any purported deceptive trade practices of NextGen Healthcare. *Willingham,* 2013 WL 440702, at *16.  The trade practices at issue are representations about the characteristics and qualities of the company's data security measures that Plaintiffs identified and collected *post hoc* to support the claims in their Complaint.  (Compl., ¶¶ 462-463.)  None of the Plaintiffs allege that they saw any data security-related representations from NextGen Healthcare prior to providing their information to their healthcare provider or prior to their healthcare provider entering that data into the NGO system.  (*Id.*, ¶¶ 156, 165, 175, 184, 193, 202, 212, 222, 232, 241, 249, 258.)  In fact, no Plaintiff alleges awareness of

NextGen Healthcare prior to receiving the company's breach notification letter. (*Id.*, ¶¶ 157, 166, 176, 185, 194, 203, 213, 223, 233, 242, 250, 259.) Because Plaintiffs do not allege a plausible basis for their purported reliance, or that reliance was even possible, they have failed to state this claim.

For these reasons, Plaintiffs' GUDTPA claim (Count IX) should be dismissed.

## I.  The California Plaintiffs Do Not State Any California Law-Based Claims (Counts XI – XIV)

### 1.  *The California Plaintiffs Do Not State A Claim For Violation Of The Customer Records Act (Count XI)*

The California Plaintiffs have not stated facts sufficient to show NextGen Healthcare violated the California Customer Records Act ("CRA"). Plaintiffs' claim fails for at least two reasons.

First, Plaintiffs admit they are not customers of NextGen Healthcare, yet only customers can assert a claim under the CRA. *In re: The Home Depot, Inc., Customer Data Sec. Breach Litig.*, 2016 WL 2897520, at *5 (N.D. Ga. May 18, 2016) (Thrash, J.); *In re Waste Mgmt. Data Breach Litig.*, 2022 WL 561734, at *7 (S.D.N.Y. Feb. 24, 2022) (dismissing claim because the complaint did not establish that plaintiffs were customers of defendant). Under the CRA, "'Customer' means an individual who provides personal information to a business for the purpose of purchasing or leasing a product or obtaining a service from the business." Cal. Civ. Code § 1798.80. Plaintiffs do not allege they provided information to NextGen Healthcare

-19-

for the purposes of purchasing services from them; instead they allege they purchased healthcare services from their healthcare providers. (Compl., ¶¶ 90, 410, 424-25.) Therefore, as a matter of law they are not "customers" under the CRA.

Second, Plaintiffs' claim fails because they do not state facts sufficient to show how the alleged "delay" (one month) in notification of the data breach resulted in any damages. A CRA claim premised on economic damages must allege how the delay in disclosure caused the customer to incur expenses. *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.* 996 F. Supp. 2d 942, 1010 (S.D. Cal. 2014); *see also Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428, at *7 (S.D. Cal. Nov. 3, 2016) (dismissing CRA claim because plaintiff did not allege "what, if any, concrete harm resulted from Defendants' alleged failure to promptly notify [its] customers of the data breach"). A plaintiff must allege actual damages flowing from the unreasonable delay. *See In re Sony,* 996 F. Supp. 2d at 1010. The purpose of the statute is not to "penalize companies that simply suffer a security breach or fail to prevent an unauthorized third-party from acquiring their customers' personal information; rather, the statute penalizes companies that fail to disclose such incidents in the manner prescribed by the statute to affected state residents." *Id.* (dismissing CRA claim for failure to allege how a delay in notification of a data breach resulted in harm).

Here, neither California Plaintiff alleges economic harm as a result of the

purported delay.  Instead, Plaintiff Alvarado alleges she spent time monitoring her credit profile and accounts, has had to close an account, and that her credit score dropped as a result of bad actors doing hard pulls of her credit report.  (Compl., ¶¶ 158-160.)  Likewise, Plaintiff Appletown, alleges she spent time monitoring her credit profile and accounts and that she has received spam messages and unwanted food deliveries  (even though her phone number was not compromised by this incident).  (*Id.*, ¶ 168-70, 39.)  And while Appletown alleges she was charged for the free credit monitoring offered by NextGen Healthcare, she does not allege that this was a result of the purported delay in notification.  (*Id.*, ¶ 169.)  Thus, Plaintiffs' CRA claim (Count XI) should be dismissed.

> 2.   *The California Plaintiffs Do Not State A Claim For Violation Of California's Unfair Competition Law (Count XII)*

The California Plaintiffs have not sufficiently alleged a claim under California's Unfair Competition law, Bus. & Prof. Code, § 17200 et seq. ("UCL").  Business practices that are fraudulent, unlawful, or unfair can violate the UCL.  Cal. Bus. & Prof. Code, § 17200 et seq.; *In re Anthem, Inc. Data Breach Litig.*, 2016 WL 3029783, at *29 (N.D. Cal. May 27, 2016).  "Remedies for private individuals bringing suit under the UCL are limited to restitution and injunctive relief."  *In re Anthem*, 2016 WL 3029783, at *29.  Rule 9(b)'s heightened pleading standard applies to UCL claims and, therefore, a plaintiff must allege a violation of the UCL with particularity.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

### a.    The California Plaintiffs Lack UCL Standing

Neither California Plaintiff has standing to pursue a UCL claim.  To establish standing under the UCL, a plaintiff must establish that she "(1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition."  *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009).  As discussed in Section III.I.1. above, neither California Plaintiff suffered an economic loss as a result of the data incident.  Further, "personal information does not constitute property for purposes of a UCL claim."  *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011); s*ee also In re iPhone Application Litig.*, 2011 WL 4403963, at *14 (N.D. Cal. Sept. 20, 2011) ("[n]umerous courts have held that a plaintiff's 'personal information' does not constitute money or property under the UCL"); *Ruiz v. Gap, Inc.*, 2009 WL 250481, at *3-4 (N.D. Cal. Feb. 3, 2009), *aff'd*, 380 Fed. App'x 689 (9th Cir. 2010) (stating that time and money spent to monitor and repair credit is not the "kind of loss of money or property necessary for standing to assert a claim under section 17200").  Thus Plaintiffs cannot point to the data breach to show loss of property.

For the forgoing reasons, the California Plaintiffs do not have UCL standing.

          *b.*        *The California Plaintiffs Do Not State A Claim Under*
                      *The UCL's Fraudulent Prong*

The California Plaintiffs have not alleged facts sufficient to state a claim under the UCL's fraudulent prong. The fraudulent prong is not satisfied unless plaintiffs allege that they, themselves, relied on the deceptive conduct. *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1002 (N.D. Cal. 2014) (dismissing claim because plaintiffs could not base the reliance requirement on defendant's customers' reliance; absent plaintiffs' own reliance, they could not satisfy the fraudulent prong). Accordingly, a plaintiff who is not a customer of the defendant cannot establish reliance. *U.S. Legal Support, Inc. v. Hofioni*, 2013 WL 6844756, at *15 (E.D. Cal. Dec. 20, 2013) (dismissing claim; "As Plaintiff is not a consumer of Defendants' services, it cannot demonstrate reliance on Defendants' fraudulent statements in order to establish standing under the UCL's fraud prong"). As discussed in Section III.I.1. above, Plaintiffs are not customers of NextGen Healthcare and their allegations of reliance are conclusory. (Compl., ¶¶ 510-18.) As explained, none of the Plaintiffs allege they saw any data security-related representations from NextGen Healthcare *prior* to providing their information to their healthcare provider or even prior to this litigation. (*Id.*, ¶¶ 156, 165.) Thus the California Plaintiffs have failed to state a claim under the UCL's fraud prong.

-23-

3.      *The California Plaintiffs Are Not Entitled To Restitution Or Injunctive Relief*

The California Plaintiffs are not entitled to restitution or injunctive relief under the UCL, which is fatal to their claim. "Restitution and injunctive relief are equitable remedies, and thus are not available unless the plaintiff lacks an adequate remedy at law… A plaintiff 'must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL.'" *In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1147 (C.D. Cal. 2021). Here, the California Plaintiffs nowhere allege that they lack an adequate remedy at law. (Compl., ¶¶ 518.) Further, they are purported beneficiaries of claims asserted on behalf of the Nationwide class, which include claims for which monetary damages are available (*i.e.*, negligence). Therefore, Plaintiffs are not entitled to the UCL's equitable remedies.

Plaintiffs are further unable to seek restitution under the UCL because NextGen Healthcare did not benefit from the data breach. A plaintiff cannot seek restitution when the defendant did not receive any benefits from the data breach. *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. at 970 (finding same because "Sony did not benefit financially from the Data Breach, nor did Sony receive monies paid by Plaintiffs for Third Party Services."). Plaintiffs do not allege that NextGen Healthcare benefitted from the data incident. Therefore, Plaintiffs are unable to seek restitution from NextGen Healthcare under the UCL.

-24-

For the foregoing reasons, the California Plaintiffs have not stated a claim for violation of the UCL and the claim (Count XII) should be dismissed.

### 4. *The California Plaintiffs Do Not State A Claim For Violation Of The California Consumers Legal Remedies Act (Count XIII)*

The California Consumers Legal Remedies Act ("CLRA") makes it unlawful for a business to make misleading representations about its products or services. Cal. Civ. Code § 1770(a). Rule 9(b)'s heightened pleading standard applies to CLRA claims. *Kearns*, 567 F.3d at 1125. The California Plaintiffs' CLRA claim is deficient for the following reasons:

*First*, the California Plaintiffs have not plausibly alleged their *actual* reliance on a NextGen Healthcare representation. Plaintiffs must allege with particularity that they actually relied on the defendant's statements when purchasing a good or service from defendants. *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 919 (C.D. Cal. 2010). Actual reliance requires that the plaintiff "was exposed to (*e.g.*, heard, read, or saw) a defendant's representation regarding a product" and the statement caused the plaintiff to make the purchase. *Stewart v. Electrolux Home Prod., Inc.*, 2018 WL 1784273, at *5 (E.D. Cal. Apr. 13, 2018). As discussed in Section III.I.1. above, Plaintiffs have not stated facts sufficient to show they actually relied on any statements made by NextGen Healthcare. Nor have Plaintiffs alleged or offered any facts to demonstrate causation - that they purchased a product or service from NextGen Healthcare *as a result of* such reliance.

-25-

*Second*, the California Plaintiffs do not state facts sufficient to show they are customers of NextGen Healthcare (nor can they).  In "order to state a claim under the CLRA, Plaintiffs must sufficiently allege, among other things, that they are consumers because they purchased or leased any good or service for personal, family, or household purpose."  Cal. Civ. Code § 1761.  A third-party consumer, even a third-party beneficiary, does not have standing under the CLRA.  *Dipito LLC v. Siderman*, 2022 WL 3205205, at *4 (S.D. Cal. Apr. 18, 2022) (finding BMW buyer was a consumer but could not recover against BMW because he did not purchase the vehicle directly from the company).  As discussed in Section III.I.1 above, Plaintiffs are not direct consumers who purchased goods or services from NextGen Healthcare.

*Third*, the California Plaintiffs have not plausibly alleged that NGO is a "good" or "service" under the CLRA.  "Courts have held that software and licenses to access software are intangible goods outside of the reach of the CLRA."  *Woulfe v. Universal City Studios LLC*, 2022 WL 18216089, at *15 (C.D. Cal. Dec. 20, 2022), *reconsideration denied*, 2023 WL 3321752 (C.D. Cal. Mar. 9, 2023); *see also Navarro v. Data,* 2022 WL 18280359, at *9 (C.D. Cal. Dec. 7, 2022) (holding "[p]laintiffs' CLRA claims fail as to the [defendants] because software products are not goods or services—even assuming Plaintiffs had contracted with the System Defendants, which they did not"); *Ferrington v. McAfee, Inc.*, 2010 WL 3910169, at

*14 (N.D. Cal. Oct. 5, 2010) (holding "the CLRA does not cover transactions relating to the sale or lease of software."). NextGen Healthcare's NGO platform is a software system used in the healthcare industry. (Compl., ¶¶ 1, 30-32.) Accordingly, it falls outside the reach of the CLRA.

### 5. *The California Plaintiffs Cannot State A Claim Under the California Consumer Privacy Act (Count XIV)*

The California Plaintiffs cannot bring a claim under California's Consumer Privacy Act ("CCPA") because NextGen Healthcare is a "service provider" under that statute. The CCPA does not provide a private right of action against service providers. Cal. Civ. Code § 1798.155. A "service provider" is an entity "that processes information on behalf of a business and to which the business discloses a consumer's personal information for a business purpose pursuant to a written contract." Cal. Civ. Code § 1798.140(ag). Plaintiffs' allegations show that NextGen Healthcare is a service provider under the CCPA. (Compl., ¶ 28-31.) For instance, Plaintiffs allege that NextGen Healthcare provides "practice management solutions and services to more than 100,000 healthcare providers who care for more than 65 million patients." (*Id.*, ¶ 28.) Plaintiffs also allege that healthcare providers use NGO to create, gather, and manage patients' electronic health records." (*Id.*, ¶ 31.) Plaintiffs further allege that the healthcare providers are contractual business associates of NextGen Healthcare. (*Id.*, ¶¶ 74, 410.) Thus the California Plaintiffs cannot bring a private action against NextGen Healthcare under the CCPA.

**J.     The Illinois Plaintiff Does Not State Any Illinois Law-Based Claim (Counts XV-XVII)**

The Complaint alleges violations of the Illinois Personal Information Protection Act, 815 Ill. Comp. Stat. Ann. 530/10 *et. al* ("PIPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill Comp. Stat. § 505 ("ICFA"), and the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 530/10 ("IUDTPA").  Plaintiff Bailey is the sole Plaintiff alleged to reside in Illinois.  (Compl., ¶ 16.)  As a result, only allegations regarding Bailey apply to these claims.  *See In re Equifax, Inc.*, 362 F. Supp. 3d at 1330  (finding some of the plaintiffs did not have a claim because the other plaintiffs were the only ones who could assert facts required to establish the elements).

*1.     The Illinois Plaintiff's ICFA and IUDTPA Claims Are Barred Because the Alleged Violation Did Not Occur Primarily or Substantially in Illinois*

Further, "[t]o bring a claim under the Illinois [I]CFA or [IU]DTPA, a plaintiff must allege circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Perdue v. Hy-Vee, Inc.*, 455 F. Supp. 3d 749, 773 (C.D. Ill. 2020) (internal citations and quotations omitted).  Instead of alleging *any* conduct in Illinois, the Complaint alleges "a substantial part of the conduct giving rise to Plaintiffs' claims occurred in" the Northern District of Georgia.  (Compl., ¶ 27.)  The ICFA and IUDTPA claims should be dismissed for this reason.

-28-

2.    *The Illinois Plaintiff Lacks Standing To Bring A Claim Under
PIPA (Count XV)*

The Illinois Plaintiff cannot state a claim under Illinois' data breach notification statute, PIPA.  First, PIPA does not provide a private right of action.  *See Best v. Malec*, 2010 WL 2364412, at *7 (N.D. Ill. June 11, 2010).  The PIPA claim should be dismissed for this reason alone.  *See In re SuperValu, Inc., Customer Data Sec. Breach Litig.*, 2018 WL 1189327, at *16 (D. Minn. Mar. 7, 2018), *aff'd sub nom.*, *In re SuperValu, Inc.*, 925 F.3d 955 (8th Cir. 2019).

Further, Plaintiff does not allege *any* harm resulted from the purported delay in notifying Bailey of the data breach.  (Compl., ¶ 555.)  Absent a showing of incremental harm, a plaintiff cannot assert a claim for a violation of PIPA. *In re Gallagher Data Breach Ligation*, 631 F. Supp. 3d 573, 589 (N.D. Ill. 2022) (discussing incremental harm as a pleading requirement under PIPA and other data breach notification statutes).Indeed, Bailey only alleges that after receiving the notice from NextGen Healthcare, she spent some time reviewing her credit profile and financial accounts. (*Id.*, ¶ 187.)  The Complaint does not show that Bailey was harmed as a result of a PIPA violation and thus the claim (Count XV) should be dismissed.

### 3.      *The Illinois Plaintiff Does Not State An ICFA Claim (Count XVI)*

The Illinois Plaintiff fails to sufficiently plead an ICFA violation.  In order to state a claim under the ICFA, a "Consumer" must allege: "(1) the defendant engaged in a deceptive or unfair practice, (2) the defendant intended for the plaintiff to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) plaintiff sustained actual damages, and (5) such damages were proximately caused by the defendant's deception."  *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518, 525 (N.D. Ill. 2011).

ICFA claims based on deceptive conduct must be plead under the heightened Rule 9(b) standard.  *In re VTech Data Breach Litig.*, 2018 WL 1863953, at *7 (N.D. Ill. Apr. 18, 2018) (applying the Rule 9(b) pleading standard to ICFA claims based on deceptive acts).  While Bailey attempts to cast her allegations as both "deceptive" and "unfair," the plain language of each allegation makes clear Bailey is pursuing her ICFA claim under the deceptive prong of the statute.  (Compl., ¶ 564 (alleging purported violations based on failures, deceptions, and omissions), ¶ 565 (alleging behavior was "likely to deceive"), ¶ 566 (alleging intent to mislead).)  Accordingly, Bailey's ICFA claim is subject to the heightened pleading standard under FRCP Rule 9(b).  *See In re VTech Data Breach Litig.*, 2018 WL 1863953, at *7 ("Simply adding language of 'unfairness' instead of 'misrepresentation' does not alter the fact that [plaintiffs'] allegations are entirely grounded in fraud under the ICFA.").  For the

reasons below, she has failed to so plead this claim under Rule 9(b).

First, Bailey has not shown that NextGen Healthcare made any communication to her prior to the data breach. A "consumer cannot maintain an action under the Illinois Consumer Fraud Act when the plaintiff does not receive, directly or indirectly, communication or advertising from the defendant." *De Bouse v. Bayer*, 922 N.E.2d 309, 316 (2009). "If there has been no communication with the plaintiff, there have been no statements and no omissions. In such a situation, a plaintiff cannot prove proximate cause." *Id*. Having failed to allege communication with NextGen Healthcare, Bailey has not shown NextGen Healthcare intended her reliance on a misrepresentation. *See In re VTech Data Breach Litig.*, 2018 WL 1863953, at *7-8 (dismissing an ICFA claim for failure to allege (i) specific misrepresentations defendant intended plaintiffs rely upon, (ii) a connection between the specific representations and plaintiffs, or (iii) that plaintiffs ever saw the alleged misrepresentations). Like in *In re VTech Data Breach Litig.*, there are no allegations that Bailey actually saw, read, heard, or received any communications from NextGen Healthcare. There is no allegation that NextGen Healthcare intentionally targeted a deceptive or unfair practice or communication to Bailey. With the exception of the data breach notification letter – which is not the basis for this claim – NextGen Healthcare's interactions were all with healthcare providers, not Bailey, and Bailey's interactions were with her healthcare provider. (Compl., ¶¶ 1, 5, 28, 30, 184.) Thus

-31-

Bailey has failed to plausibly allege that she received a misrepresentation from NextGen Healthcare. As a result, Bailey has also failed to allege a communication or misrepresentation made by NextGen Healthcare to Bailey that it intended Bailey to rely on.

Additionally, Bailey's ICFA claim fails to the extent it is based on purported omissions. (Compl., ¶ 564.) An ICFA claim based on an omission "must be an omission from a communication, rather than a general failure to disclose." *Fleury v. GM LLC*, 654 F. Supp. 3d 724, 732 (N.D. Ill. 2023). Here, Bailey's allegations amount to no more than a general failure to disclose. Bailey alleges that NextGen Healthcare omitted that it did not adequately secure Bailey's information and that it did not comply with legal and statutory duties relating to Bailey's private information. (Comp. ¶ 564 items g-h). However, Bailey has not identified the communications from which NextGen Healthcare omitted this information; indeed, as noted above, Bailey has failed to identify any specific communications made by NextGen Healthcare to Bailey.

Further, Bailey also fails to allege economic or pecuniary harm as required by the ICFA. A claim under the ICFA "requires a showing of actual damages … which has been interpreted by state courts to refer only to economic or pecuniary harm." *Dinerstein v. Google, LLC*, 484 F. Supp. 3d 561, 579 (N.D. Ill. 2020), *aff'd as modified*, 73 F.4th 502 (7th Cir. 2023). The only allegations regarding Plaintiff

Bailey's harm relate to lost time and effort, fear of future harm, and the possibility of increased risk of identity theft. (Compl., ¶¶ 187-88, 190.)  These are insufficient to support the damages element of an ICFA claim. *Archey v. Osmose Utilities Servs., Inc.*, 2021 WL 3367156, at *3-4 (N.D. Ill. Aug. 3, 2021) (claims of lost time or increased risk of identity theft insufficient to support damages element of an ICFA claim); *In re SuperValu, Inc.*, 925 F.3d at 964 (finding "the expenditure of time monitoring his account, the single fraudulent charge to his credit card, and the effort expended replacing his card" did not constitute actual damages under the ICFA absent any allegations of out of pocket loss).

Finally, Bailey's ICFA claim fails for the independent reason that she is not a "consumer" as defined by the ICFA. "[A] 'consumer' is 'any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household.'" *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 910 (N.D. Ill. 2012) (citing 815 Ill. Comp. Stat. 505/1(e)).  Bailey makes only conclusory allegations that she is a consumer.  (Compl., ¶ 562.)  But this allegation is belied by admissions elsewhere in the Complaint.  For example, she and the other Plaintiffs admit they have no contracts with NextGen Healthcare, have provided no money to NextGen Healthcare, and have confirmed they are not NextGen Healthcare's customers.  (*Id.*, ¶¶ 28, 81, 82, 410.)  Because Bailey is not a consumer under the ICFA, she may not

-33-

proceed with an ICFA claim.

For all of these reasons, theICFA claim (Count XVI) should be dismissed.

### 4. *The Illinois Plaintiff Does Not State A Claim Under The IUDTPA (Count XVII)*

Plaintiff Bailey does not allege facts sufficient to state a claim for violation of the IUDTPA. The IUDTPA's only remedy is injunctive relief, and an injunction is *only* proper where the Illinois Plaintiff is likely to be damaged *by the defendant's practices* in the future.[2] *In re SuperValu, Inc.*, 925 F.3d at 965 (citing 815 Ill. Comp. Stat. 510/3). The IUDTPA does not seek to redress past harm. *See Perdue*, 455 F. Supp. 3d at 773 ("In most consumer actions, the plaintiff is unable to allege facts showing a likelihood of future harm because the harm has already occurred, and because the plaintiff is unlikely to be deceived by a defendant's misstatements again in the future.").

Bailey does not allege ongoing NextGen Healthcare misrepresentations nor does she allege that she is likely to experience harm in the future. Instead, her allegations refer to past conduct. (*See, e.g.*, Compl., ¶¶ 576 (improper practices caused damage), 577 (harm related to *previous* misrepresentations).) Allegations of past harm do not support a claim under the IUDTPA. *See In re SuperValu, Inc*, 2018 WL 1189327, at *15 (finding the possibility of a future data breach insufficient to

---

[2] As a result, Bailey's claim for monetary relief under the IUDTPA should be dismissed. (Compl., ¶ 578.)

support a claim under the IUDTPA); *see also Fox v. Iowa Health Sys.*, 399 F. Supp. 3d 780, 799-800 (W.D. Wis. 2019) (finding allegations of risk of future data beach insufficient to allege harm resulting from misrepresentations about data security, even where defendant had previously suffered a data breach impacting plaintiff); *Perdue*, 455 F. Supp. 3d at 773 (finding risk of future fraudulent activity from past misrepresentations not actionable under the IUDTPA).    As a result, Bailey's IUDTPA claim should be dismissed.

**K.    The Iowa Plaintiff Does Not State A Claim Under Iowa's Private Information Security Breach Protection Law (Count XVIII)**

Kerr has failed to allege an injury under Iowa Code § 715C.2.  To allege a violation of Iowa Code § 715C.2, the Kerr had to "allege an injury other than the unauthorized access to their personal information" resulting from defective notification.  *In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, 2023 WL 6216542, at *7 (D.N.J. Sept. 21, 2023).  Here, Kerr has made no attempt to plead such an injury.  Instead she alleges that "[b]y failing to disclose the Data Breach in a timely and accurate manner, NextGen violated Iowa" law, and as a result of this violation, Plaintiff "suffered damages." (Compl., ¶ 585-86.)  But this conclusory allegation is contradicted by Kerr's allegations elsewhere in the Complaint.  Particularly, she alleges that after she received NextGen Healthcare's notification letter she spent some time "react[ing]" to protect her child (the impacted individual) from potential harm.  (*Id.* ¶¶ 194, 197.)  She does not allege that she has

suffered any damages at all, let alone damage from a defect in, or delay in receiving, NextGen Healthcare's notification. (*Id.*) Therefore, this claim (Count XVIII) should be dismissed.

### L.   The Maine Plaintiff Does Not State A Maine Law-Based Claim (Counts XIX & XX)

The Complaint alleges claims under the Maine Unfair Trade Practices Act ("MUTPA") and the Maine Uniform Deceptive Trade Practices Act ("MUDTPA"). Plaintiff Miller is the sole Plaintiff alleged to reside in Maine. (Compl. ¶¶ 18, 201.) As a result, only allegations regarding him apply with respect to these claims. *See In re Equifax, Inc.,* 362 F. Supp. 3d at 1330.

#### 1.   *The Maine Plaintiff Does Not State A MUTPA Claim (Count XIX)*

Plaintiff Miller does not allege sufficient facts to state a MUTPA claim for several reasons. First, where, as here, the MUTPA allegations are grounded on purportedly deceptive conduct (Compl., ¶¶ 593, 594, 596), the plaintiff must plead reliance. *Sanford v. Nat'l Ass'n for the Self-Employed, Inc.*, 264 F.R.D. 11, 16 (D. Me. 2010) (finding claims regarding deceptive or misleading statements could not establish an MUTPA claim absent a showing of reliance on those statements); *State v. Weinschenk*, 868 A.2d 200, 209 (Me. 2005) (vacating judgement on MUTPA claim as to plaintiffs who "did not rely on misrepresentations made by [Defendant]"). Miller does not allege that he received, read, or saw any data security-

related representations from NextGen Healthcare prior to providing information to his healthcare provider; indeed, Miller does not even allege awareness of NextGen Healthcare prior to receiving the company's breach notification letter.  (Compl., ¶¶ 202-204.)

Second, claims under the MUTPA may only be brought by a consumer who actually made a purchase from the defendant.  *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, 353 F. Supp. 3d 1070, 1093-94 (D. Colo. 2018) (dismissing claim and explaining that "Bellwether does not allege that it made a purchase from Chipotle 'primarily for personal, family or household purposes.'"); *Hoglund v. Diamlerchrysler Corp.*, 102 F. Supp. 2d 30, 32 (D. Me. 2000) (holding only a purchaser may assert a claim for violation of the MUTPA); *Thao v. LH Hous., LLC*, 2022 WL 3227130, at *7 (D. Me. Aug. 10, 2022) (dismissing MUTPA claim for failure to allege a transaction with defendant).  Miller fails to allege he purchased anything from NextGen Healthcare—instead he repeatedly alleges he was a customer of, and purchased services from, his healthcare provider.  (Compl., ¶¶ 90; 202; 410.)  As a result, he is unable to assert an MUTPA claim against NextGen Healthcare.

Finally, Miller fails to allege he suffered a loss of "money or property" as required by the MUTPA.  5 Me. Rev. Stat. § 213; *Poulin v. Thomas Agency*, 746 F. Supp. 2d 200, 206 (D. Me. 2010) ("[T]he UTPA allows only those private litigants

who have lost 'money or property' to sue for actual damages, restitution, and equitable relief."). Here, Miller only alleges lost time, effort, an increased risk of harm, and scam calls and text messages (even though his phone number was not impacted by the incident). (Compl., ¶¶ 3, 205-09.) He does not allege lost money or property. As a result, he has failed to allege an MUTPA claim for this independent reason. *See Poulin*, 746 F. Supp. 2d at 206.

For the reasons listed above, Plaintiff's MUTPA claim (Count XIX) should be dismissed.

### 2. The Maine Plaintiff Does Not State A MUDTPA Claim (Count XX)

The Maine Plaintiff has also failed to allege a claim under the MUDTPA. In order to state this claim, "Plaintiffs must prove by at least a preponderance of the evidence that Defendant's representation *to them* was untrue." *Ambrose v. New England Ass'n of Sch. & Colleges*, 2000 WL 1195363, at *3 (D. Me. Aug. 7, 2000) (emphasis added); *see also Ambrose v. New England Ass'n of Sch. & Colleges, Inc.*, 252 F.3d 488, 492 n.1 (1st Cir. 2001). Here, Plaintiff has failed to do so.

There is no allegation that NextGen Healthcare ever made a statement to Miller. *Combined Mgmt., Inc. v. World Wide Pers. Servs. of Maine, Inc.*, 2002 WL 1978894, at *1 (Me. Super. June 6, 2002) (holding that "[i]n order to establish a claim under the Deceptive Trade Practices Act … the plaintiff must demonstrate … that [defendant] *represented to clients and potential clients that it did*, in fact, have

-38-

appropriate insurance.") (emphasis added).  With the exception of the data breach notification letter – which is not the basis for this claim – the Complaint alleges NextGen Healthcare's interactions were all with healthcare providers, not Miller, and that Miller's only interaction was with his healthcare provider.  (Compl., ¶¶ 1, 5, 28, 30, 202.)   Thus Miller has failed to plausibly allege that he received a misrepresentation from NextGen Healthcare.  *See Ambrose*, 2000 WL 1195363, at *3 (D. Me. Aug. 7, 2000); *Ambrose*, 252 F.3d at 492 n.1.

Further, because only injunctive relief is available, Miller's request for money damages should be dismissed.  Me. Rev. Stat. tit. 10, § 1213 (limiting relief to injunctive relief).

Finally, even though the MUDTPA does not reach extraterritorial events, Miller fails to allege any of the activity related to this claim took place in Maine. *Marshall v. Scotia Prince Cruises Ltd.*, 2003 WL 22709076, at *7 (D. Me. Nov. 17, 2003) (holding Maine UDTPA does not reach extraterritorial events).  In fact, the Complaint specifically alleges a substantial part of the activity took place outside Maine, in Georgia. (Compl., ¶ 27.)  Accordingly, Plaintiff's MUDTPA claim (Count XX) should be dismissed.

**M.** **The New Jersey Plaintiffs Do Not State Any New Jersey Law-Based Claims (Counts XXI & XXII)**

The New Jersey Plaintiffs Alturi, Akhras, and Phillips bring two claims under New Jersey law. They seek relief under the New Jersey Customer Security Breach Disclosure Act ("CSBDA") and under the New Jersey Consumer Fraud Act ("NJCFA"). Only allegations regarding Alturi, Akhras, and Phillips apply to these claims. *See In re Equifax, Inc.,* 362 F. Supp. 3d at 1330.

1. *The New Jersey Plaintiffs Do Not State A CSBDA Claim (Count XXI)*

The New Jersey Plaintiffs' CSBDA claim should be dismissed for two reasons. First, there is no private right of action under this statute. N.J.S.A. § 56:8-166; *see also Holmes v. Countrywide Fin. Corp.*, 2012 WL 2873892, at *13 (W.D. Ky. July 12, 2012) (observing that the CSBDA provides no stand-alone private right of action).

Second, even if there were a private right of action (and there is not), Plaintiffs have failed to state a claim because they do not allege any ascertainable loss from the alleged delay in NextGen Healthcare's sending of its breach notification letter. Under the CSBDA, a business that "compiles or maintains computerized records that include personal information … [must] disclose a security breach of those records to affected consumers 'in the most expedient time possible and without unreasonable delay.'" *In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*,

-40-

2021 WL 5937742, at *35 (D.N.J. Dec. 16, 2021).  A plaintiff "must ultimately prove that her damages were caused by the delayed disclosure, and not simply by the Data Breach itself or some other factor."  *Id*. at *35 n.60.  Here, all of the alleged harm is attributed to the fact of the data breach itself, rather than any harm stemming from an alleged delay in notification.  (Compl., ¶¶ 215-16, 225-26, 235-36.)  Because Plaintiffs have not adequately stated a harm due to the alleged delay in notification (and, there was no delay), their CSBDA claim may not proceed.

For the forgoing reasons, Plaintiffs' CSBDA claim (Count XXI) should be dismissed.

### 2.    The New Jersey Plaintiffs Do Not State A NJCFA Claim (Count XXII)

The New Jersey Plaintiffs have failed to state a claim under the NJCFA.  To state such a claim, the Plaintiffs must allege unlawful conduct by NextGen Healthcare, Plaintiffs' ascertainable loss, and a causal relationship between the unlawful conduct and the ascertainable loss.  *See Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 530 (D.N.J. 2011).  Claims under the NJCFA must satisfy Rule 9(b)'s heightened pleading standard.  *Hodges v. Vitamin Shoppe, Inc.*, 2014 WL 200270, at *3 (D.N.J. Jan. 15, 2014).  This claim fails for the following reasons:

*First*, the New Jersey Plaintiffs are not "consumers" under the NJCFA.  *Conte Bros. Auto. v. Quaker State-Slick 50, Inc.*, 992 F. Supp. 709, 716 (D.N.J. 1998),

*aff'd*, 165 F.3d 221 (3d Cir. 1998) ("It is well-settled law that one must be a 'consumer' in order to sue under this Act."). A plaintiff must "purchase a product for consumption" from the defendant to be a "consumer". *In re Blackbaud, Inc., Customer Data Breach Litig.*, 2021 WL 3568394, at *11-12 (D.S.C. Aug. 12, 2021) (dismissing data breach claim under NJCFA where plaintiff did "not assert that she purchased or used Blackbaud's services, knew Blackbaud existed, or perceived that Blackbaud managed her data"); *Specialty Ins. Agency v. Walter Kaye Assocs., Inc.*, 1989 WL 120752, at *5 (D.N.J. Oct. 2, 1989) ("[I]n order for an entity such as SIA to recover under the Consumer Fraud Act it must be a consumer *vis-a-vis* the defendants."). Plaintiffs fail to allege they purchased any product from NextGen Healthcare (nor could they, *see* Compl., ¶¶ 212; 222, 232) and thus this claim should be dismissed.

Second, the New Jersey Plaintiffs have failed to sufficiently allege the causation element of this claim. To plead causation, Plaintiffs must demonstrate a connection between their purchase and NextGen Healthcare's allegedly unlawful conduct. *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 100 (D.N.J. 2011) ("[T]he Consumer Fraud Act requires a direct causal connection between the misrepresentation and the plaintiff's defeated expectations about the product."); *Marrone v. Greer & Polman Constr., Inc.*, 964 A.2d 330, 335 (App. Div. 2009), *abrogated on other grounds by Dean v. Barrett Homes, Inc.*, 8 A.3d 766

-42-

(2010), *holding reaff'd by Martin v. Bank of Am.*, 2018 WL 3614171, at *7 (N.J. Super. Ct. App. Div. July 30, 2018) ("In this case, there is not only a lack of privity, there is a complete lack of proof of a causal connection between [the defendants'] alleged misrepresentations … and plaintiffs' decision to purchase the house."); *Taste Matters, LLC v. Mcmanus & Co., P.C.*, 2013 WL 4525636, at *3 (N.J. Super. Ct. App. Div. Aug. 28, 2013) (finding a lack of any interaction between defendant and plaintiff regarding plaintiffs' purchase sufficient to defeat CFA claim).   The Complaint fails to allege any connection between NextGen Healthcare's purported misrepresentations and Plaintiffs' purchase of any services or products from their healthcare providers or even from NextGen Healthcare.  In fact, prior to their receipt of the data beach notification letter, there is no allegation that these Plaintiffs were aware of NextGen Healthcare or NGO, at all.  *See Marrone*, 964 A.2d at 335 (dismissing NJ CFA claim due to," a complete lack of proof of a causal connection between the [] defendants' alleged misrepresentations about their product and plaintiffs' decision to purchase [the product]."); *Martin v. Bank of Am.,* 2018 WL 3614171, at *7 (N.J. Super. Ct. App. Div. July 30, 2018) (same); (*see* Compl., ¶¶ 212, 222, 232.)

For the reasons above, Plaintiffs' NJCFA claim (Count XXII) should be dismissed.

**N.    The New Mexico Plaintiff Does Not State A Claim For Violation Of The New Mexico Unfair Practices Act (Count XXIII)**

Plaintiff Bundy's claim for a violation of the New Mexico Unfair Practices Act ("NMUPA") fails because he has not satisfied the pleading requirements. To state a claim under the NMUPA a plaintiff must allege: (1) defendant made a statement that was either false or misleading, (2) the false or misleading representation was "knowingly made in connection with the sale," (3) the conduct complained of occurred in the regular course of the defendant's trade or commerce, and (4) the representation was of the type that "may, tends to or does, deceive or mislead any person." *Apodaca v. Young Am. Ins. Co.*, 2023 WL 7706283, at *9 (D.N.M. Nov. 15, 2023), citing *Ashlock v. Sunwest Bank of Rosewell, N.A.*, 753 P.2d 346, 347 (N.M. 1988). Though a plaintiff does not need to purchase goods directly from a defendant to succeed on a NMUPA claim, the plaintiff must still allege that they bought goods that were, at some point in time, sold by the defendant. *Hicks v. Eller*, 280 P.3d 304, 309 (N.M. App. 2012).

Here, Bundy does not allege that he purchased anything from NextGen Healthcare. Rather, he alleges he purchased medical services for his child from a healthcare provider. (Compl., ¶ 241.) Further, he does not allege that he was aware of any representation by NextGen Healthcare at the time he visited his healthcare provider. (*Id.*, ¶ 241-42; 628-38.) Thus he has failed to allege that NextGen Healthcare made a false or misleading representation "in connection with [a] sale."

*Apodaca*, 2023 WL 7706283, at *9. As such, Bundy has not met the pleading requirements of the NMUPA and his claim should be dismissed.

**O.     The New York Plaintiff Does Not State A Claim For Violation Of The New York General Business Law ("GBL") (Count XXIV)**

Plaintiff Benn is the sole Plaintiff residing in New York. (Compl., ¶¶ 23; 248.) As a result, only allegations regarding him apply with respect to the New York GBL § 349 claim. *See In re Equifax, Inc.,* 362 F. Supp. 3d at 1330.

Plaintiff Benn has failed to state a claim for violation of New York GBL § 349. "To successfully assert a section 349(h) claim, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (N.Y. 2009).

First, Plaintiff Benn has not stated a claim because he does not allege he was exposed to NextGen Healthcare's purported misrepresentations. Under the GBL, a plaintiff must demonstrate they were exposed to improper conduct in order to demonstrate causation between the defendant's conduct and their injuries. *In re USAA Data Sec. Litig.*, 621 F. Supp. 3d 454, 472 (S.D.N.Y. 2022) (finding no causation for plaintiff's GBL claim where plaintiff had never interacted with defendant prior to the data breach in question). "Put another way, in order to have been injured by the defendant's deceptive act, a plaintiff must have been personally

-45-

misled or deceived." *Id.*  Here, Benn fails to allege that he was personally misled by any NextGen Healthcare conduct or that he was even aware of NextGen Healthcare prior to receiving the data breach notification letter. (Compl., ¶¶ 249-251; 639-46.) Benn's allegations show that NextGen Healthcare interacted with healthcare providers, not Benn, and therefore he has not sufficiently alleged the causation element of this claim. (*See e.g. id.* ¶¶ 1, 5, 28, 30.)

Second, Benn has failed to allege that he suffered actual damages as a result of the data breach.  A claim under the GBL requires the plaintiff to show he suffered actual damages – time and energy spent are insufficient.  *Cherny v. Emigrant Bank*, 604 F. Supp. 2d 605, 608 (S.D.N.Y. 2009) (explaining that injury requirements in data breach cases must go beyond time and energy spent responding and increased risk of identity theft); *see also Shafran v. Harley-Davidson, Inc.*, 2008 WL 763177, at *3 (S.D.N.Y. Mar. 20, 2008) ("Courts have uniformly ruled that the time and expense of credit monitoring to combat an increased risk of future identity theft is not, in itself, an injury that the law is prepared to remedy.").  Plaintiff Benn has not alleged he suffered any actual injury. (Compl., ¶¶ 252-53, 255) (describing Plaintiff Benn's harm as time and energy spent responding to the data breach and an increased risk of identity theft).  The fact that Plaintiff Benn purchased additional identity theft protection cannot constitute damages where NextGen Healthcare already provided equivalent mitigation for free. (Compl., 293.)  Even if it could, neither Benn's

expense for credit monitoring, nor lost time, is an actionable harm under the GBL. *Shafran*, 2008 WL 763177, at *3. Therefore, Plaintiff has not established actual damages.

For the forgoing reasons, Plaintiffs New York GBL claim (Count XXIV) should be dismissed.

**P.     The Pennsylvania Plaintiff Does Not State A Claim Under Pennsylvania's Unfair Trade Practices And Consumer Protection Law (Count XXV)**

Plaintiff Brickle is the sole Plaintiff residing in Pennsylvania. (Compl., ¶¶ 13-24.) As a result, only allegations regarding her apply with respect to the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTP") claim. *See In re Equifax, Inc.,* 362 F. Supp. 3d at 1330.

Plaintiff Brickle has not alleged facts sufficient to show a UTP violation. To bring a claim under the UTP, a plaintiff must allege: (1) wrongful conduct or representation; (2) justifiable reliance on the conduct or representation; and (3) harm as a result of the reliance. *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004). Harm under the UTP is a "loss of money or property, real or personal." 73 P.S. § 201-9.2. This requires a plaintiff to plead more than mere loss of time. *In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. 3d 514, 541 (M.D. Pa. 2021) (holding "To allege an ascertainable loss, the plaintiff must be able to point to money or property that he would have had but for the defendant's fraudulent

actions.").

First, Brickle fails to allege facts sufficient to show justifiable reliance. A plaintiff must show she "justifiably relied on the defendant's wrongful conduct or representation and that [s]he suffered harm as a result." *Yocca*, 854 A.2d at 438. Reliance is not met when the complaint "is bereft of allegations suggesting that Pennsylvania Plaintiff knew that [defendant] maintained her data or was exposed to representations [defendant] made to her or her healthcare provider." *In re Blackbaud*, 2021 WL 3568394, at *14 (dismissing UTP claim for lack of reasonable reliance). Here, Brickle does not allege that she read, heard, or was exposed to any NextGen Healthcare conduct or communications prior to receiving the data breach notification letter. (Compl., ¶¶ 258-260.) Instead, she alleges that NextGen Healthcare interacted with healthcare providers. (*Id.*, ¶¶ 1, 5, 28, 30.) As a result, Brickle has not alleged that she relied on any communications or conduct of NextGen Healthcare. Accordingly, Brickle fails to allege facts sufficient to show the justifiable reliance element of her UTP claim and the claim should be dismissed.

Second, Brickle fails to state a UTP claim because she does not allege that she has suffered a cognizable, ascertainable loss of money or property. Instead, she alleges she spent time responding to the data breach, anticipates spending more time and money responding to the data breach, and claims she is now subject to an increased risk of identity theft. (Compl., ¶¶ 261-64; 650-67.) These losses are not

sufficient to state a claim under the UTP.  *In re Rutter's*, 511 F. Supp. 3d at 541.

For the foregoing reasons, Plaintiff's UTP claim (XXV) should be dismissed.

## IV.    CONCLUSION

NextGen Healthcare's motion to dismiss should be granted.

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

/s/ Kari Rollins
Kari Rollins (admitted *pro hac vice*)
Charles Glover (admitted *pro hac vice*)
30 Rockefeller Plaza, 39th Floor
New York, NY  10112
212.653.8700
krollins@sheppardmullin.com
cglover@sheppardmullin.com


Brian M. Daucher (admitted *pro hac vice*)
Abby H. Meyer (admitted *pro hac vice*)
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
714.513.5100
bdaucher@sheppardmullin.com
ameyer@sheppardmullin.com

**JONES & WALDEN LLC**

Eric J. Breithaupt
Georgia Bar No. 596142
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
404.564.9300
ebreithaupt@joneswalden.com

*Attorneys for NextGen Healthcare, Inc.*

-49-

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2024, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will automatically send email notification of such filing to all counsel of record.


/s/ Kari Rollins
Kari Rollins

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that on January 23, 2024, the foregoing complies with the font and point selection approved by this Court in Local Rule 5.1(B). This paper was prepared on a computer using 14-point Times New Roman, double-spaced.


/s/ Kari Rollins
Kari Rollins