IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAMON X. MILLER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>NEXTGEN HEALTHCARE, INC.,<br><br>Defendant. | Case No. 1:23-cv-02043-TWT<br><br>Hon. Thomas W. Thrash, Jr. |

**PRELIMINARY APPROVAL ORDER**

This matter is before the Court for consideration of whether the Settlement reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved.[1] Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

certified, and the proposed notice plan approved. Accordingly, for good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

(1) **<u>Class Certification for Settlement Purposes Only</u>.** The Court provisionally certifies the following Settlement Class:

> The approximately 1,049,396 persons in the United States identified by NextGen Healthcare whose personally-identifying information ("PII") was impacted by the Data Breach, as reflected in the Class List. Excluded from the Settlement Class are (i) NextGen Healthcare, any entity in which NextGen Healthcare has a controlling interest, and NextGen Healthcare's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

The Court also provisionally certifies the California Settlement Subclass which includes any Settlement Class Member that was a resident of the State of California on March 29, 2023. The Settlement Class referenced herein includes the California Settlement Subclass.

The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to

prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3) **Settlement Class Representatives.** Damon Miller, Elizabeth Appleton, Abolanle Abikoye, Rosa Akhras, Srikanth Atluri, Corey Benn, Bellvinia Brickle, Shawna Kerr individually and on behalf of her of her minor child J.K., Carter Bundy individually and on behalf of his minor child A.B., and Scott Phillips individually and on behalf of his minor child H.P., are designated and appointed as the Settlement Class Representatives.

(4) **Settlement Class Counsel.** The following lawyers, who were previously appointed by the Court as interim Co-lead Counsel, are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g): MaryBeth V. Gibson of Gibson Consumer Law Group, LLC; Norman E. Siegel of Stueve Siegel Hanson LLP; and J. Cameron Tribble of The Barnes Law Group, LLC. The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

(5) **Preliminary Approval of the Proposed Settlement**. Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class pursuant to Rule 23(e). Accordingly, the proposed Settlement is preliminarily approved.  In making this determination, the Court has considered

the adequacy of representation by the class representatives and Class Counsel; the adequacy of relief provided to the Settlement Class, including monetary benefits provided to the Settlement Class through the Settlement; the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms'-length negotiations between the Parties and absence of any collusion in the Settlement; the effectiveness of the proposed method for distributing relief to the Settlement Class; the proposed manner of allocating benefits to Settlement Class Members; that the Settlement treats the Settlement Class Members equitably; and all of the other factors required by Rule 23 and relevant case law.

(6) **<u>Jurisdiction.</u>** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

(7) **<u>Final Approval Hearing.</u>** A Final Approval Hearing shall take place before the Court on **February 17, 2026, at 10:00 a.m.** in Courtroom 2108, 2388 Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303-3309, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and finally approved pursuant to Fed. R. Civ. P. 23(e); and, in accordance with the Settlement's terms, all claims

against NextGen Healthcare, Inc. in the Consolidated Class Action Complaint should be dismissed with prejudice; (c) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement; (d) a Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and whether Service Awards should be made to named Settlement Class Representatives. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

(8) **Attorneys' Fees and Expenses.** Class Counsel shall submit their application for payment of Attorneys' Fees and Expenses no later than twenty-one (21) days before the Objection Deadline.

(9) **Exclusions from the Class.** Any individual (or the minor child for whom they have the authority to act as a legal representative) that wishes to be excluded from the Settlement must mail or submit online a written notification of such intent via United States mail to the designated address established by the Settlement Administrator, postmarked no later than 45 days after the Notice Date (the "Opt-Out Deadline"). The written notification must include:

> (i) The case name and number of this Action (*Miller et al. v. NextGen Healthcare, Inc.*, Case No. 1:23-cv-02043-TWT );

  (ii)  The full name and address of the individual seeking exclusion from the Settlement; be personally signed by the individual seeking exclusion;

  (iii)  Be personally signed by the individual seeking exclusion (or by the legal representative of a minor child with authority to so act);

  (iv)  Include a statement in the body of the document clearly indicating the individual's intent to be excluded (or to exclude the minor) from the Settlement; and

  (v)  Request exclusion only for that one individual identified on the request.

  Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator. Any purported mass or class opt-outs are not permitted. Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be bound by the Settlement, including all releases and covenants therein, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

  The Settlement Administrator shall provide the Parties with copies of all requests for exclusion promptly upon receipt, a weekly report which includes a summary of the number of requests for exclusion, and, within five (5) Business Days after the Opt-Out Deadline, a final list of all individuals that have timely and validly

excluded themselves from the Settlement in accordance with the terms of the Settlement and herein. Prior to the Final Approval Hearing, the Settlement Administrator shall also prepare and execute a declaration identifying each individual who timely and validly requested exclusion from the Settlement.

All individuals who submit valid and timely requests for exclusion from the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

(10) **Objections and Appearances**. Any Settlement Class Member that has not timely and properly excluded itself from the Settlement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

A Settlement Class Member that complies with the requirements of this Order may object to the Settlement. No Settlement Class Member shall be heard, and no

papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is mailed to the Settlement Administrator on or before the Objection Deadline, which shall be 45 days after the Notice Date. For the objection to be considered by the Court, the written objection must include:

(vi) The case name and number of the Action (*Miller et al. v. NextGen Healthcare, Inc.*, Case No. 1:23-cv-02043-TWT);

(vii) The name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

(viii) A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(ix) A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;

(x) Information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice,

      copy of original notice of the Data Breach, or a statement explaining why the objector believes he or she is a Settlement Class Member);

(xi)    A statement of the specific grounds for the objection, including any evidence or legal authority the Settlement Class Member wishes to bring to the court's attention;

(xii)    Be personally signed by the individual seeking to object (or by the legal representative of a minor child with authority to so act); and

(xiii)    A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

A written notice of objection must be filed with the Court and sent via first class, postage-prepaid United States Mail and postmarked no later than the Objection

Deadline to:

> NGH Data Breach Litigation
> c/o Kroll Settlement Administration
> PO Box 225391
> New York, NY 10150-5391

(11)   Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

(12)   **Administration.** Kroll Settlement Administration LLC ("Kroll") is appointed as the Settlement Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members, receiving and distributing any objections and exclusion requests, as set forth in this Order, and all other obligations of the Settlement Administrator as set forth in the Settlement. All Administration and Notice Costs incurred by the Settlement Administrator will be paid pursuant to the terms of the Settlement Agreement.

(13)   **Notice to the Class.** The Notice Plan, along with the Short Notice, Long Notice, and Claim Form attached to the Notice Plan as Exhibits A through C satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and

thus are approved. Non-material modifications to these exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement requires.

(14)  **Findings Concerning Notice.** The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan, Short Notice, Long Notice, and Claim Form:  (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23(c), the constitutional requirement of the Due Process Clauses(s) of the United States and Georgia Constitutions, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The Settlement Administrator is directed to carry out the notice program in conformance with the Settlement Agreement.

(15)  **Claims Process and Distribution Plan.** The Settlement and the Settlement Benefits Plan establish a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class

Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement Benefits Plan, including the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for any monetary benefit under the Settlement that requires submission of a claim but fail to submit a claim in accordance with the requirements and procedures specified in the Settlement Benefits Plan, including the Claim Form, shall be forever barred from receiving any such monetary benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

(16) **Termination of the Settlement and Use of this Order.** This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of Plaintiffs and NextGen Healthcare, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this

Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against NextGen Healthcare of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit. Any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

(17) **Stay of Proceedings.** Except as necessary to effectuate this Order, the claims against NextGen Healthcare and any deadlines set by the Court as to the claims against NextGen Healthcare are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

(18) **Continuance of Final Approval Hearing.** The Court reserves the right

to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

(19) **Summary of Deadlines.** The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include but are not limited to the following:

| ACTION | DEADLINE |
| --- | --- |
| CAFA Notice to State and Federal Officials | 10 days after filing the Settlement with the Motion for Preliminary Approval |
| Defendant Provides Class List | 30 days after Court's entry of Preliminary Approval Order |
| Defendant will cause to be deposited $19,375,000 into the Settlement Fund Account | 30 days after Court's entry of the Preliminary Approval Order |
| Notice Date | 60 days after entry of this Preliminary Approval Order at which time notice will be fully commenced |
| Motion for Attorneys' Fees, Expenses and Service Awards | At least 21 days prior to Objection Deadline |
| Opt-Out Deadline | 45 days after Notice Date |

| Objection Deadline | 45 days after Notice Date |
|---|---|
| Claims Deadline | 90 days after Notice Date |
| Final Approval Brief and Response to Objections Due | At least 14 days prior to Final Approval Hearing |
| Final Approval Hearing | No less than 90 days after CAFA Notices are mailed. |
| Settlement Class Representatives and Plaintiffs' Counsel must voluntarily dismiss with prejudice each action in the Litigation | 10 Business Days after the Effective Date |

IT IS SO ORDERED this 30th day of October, 2025.

Hon. Thomas W. Thrash
United States District Judge
Northern District of Georgia
Atlanta Division